# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-430-JDR-CDL

Markwen Johnson,

*Plaintiff*,

*versus*

United States Department of State; John Armstrong,
*Senior Bureau Official*,

*Defendants*.

## OPINION AND ORDER

In 2023, pro se[1] Plaintiff Markwen Johnson sent copies of his birth certificate to Defendant United States Department of State for authentication. Dkt. 1. He claims that, because they failed to return the documents, Defendants violated his Fourth, Ninth, and Tenth Amendment rights; Federal Rules of Civil Procedure 54(c), 55(a), (b); UCC 1-103(b); and 5 U.S.C. § 552. *Id.* at 1. Mr. Johnson moves to proceed in forma pauperis [Dkt. 3] and filed a motion "for default in dishonor of presentment" [Dkt. 5]. Based on his representations and information in his motion to proceed in forma pauperis and supporting affidavit, the Court will grant Mr. Johnson's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915 (a). Mr. Johnson's complaint, however, is dismissed.[2]

---

[1] Consistent with Supreme Court and Tenth Circuit precedent, the Court construes Mr. Johnson's pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

[2] The Court will address Mr. Johnson's complaint sua sponte because "a complaint may [] be dismissed sua sponte under Fed. R. Civ. P. 12(b)(6) … if it is patently obvious that

No. 25-cv-430

Because Mr. Johnson is proceeding in forma pauperis, the Court must dismiss his action if it "(i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted …." 28 U.S.C. § 1915(e)(2)(B). First, there is no private cause of action under the Federal Rules of Civil Procedure. *See, Good v. Khosrowshahi*, 296 F. App'x 676, 680 (10th Cir. 2008) ("[R]ules governing procedure in the federal courts do not give rise to private causes of action." (collecting cases).). Second, Mr. Johnson has failed to allege facts to demonstrate that providing his birth certificates to Defendants and their alleged failure to return them is a commercial transaction that falls under the Uniform Commercial Code. *See Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, No. CIV 08-1101 JB/RLP, 2009 WL 3672452, at *7 (D.N.M. Oct. 2, 2009) ("[B]y 'transaction,' Section 1-303(b) refers to commercial transactions such as purchases, sales, or contracts for the same."). Further, § 1-103(b) is a general provision that only "applies to a transaction to the extent that it is governed by another article of the Uniform Commercial Code." *See* Okla. Stat. tit. 12A, § 1-102.

The Freedom of Information Act, 5 U.S.C. § 552, confers a private right of action for a person "who ha[s] requested certain records from a public agency and whose request has been denied." *Beagles v. Watkins*, 2017 WL 3927456 (D.N.M. Sept. 6, 2017). But to file suit in federal court under FOIA, that person must exhaust administrative remedies. *Id.* (citing *Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 61 (D.C.C. 1990). Mr. Johnson has failed to allege that he has done so here. In his complaint, Mr. Johnson claims that he asked Defendants to return his documents and was told that they had already been mailed back to him in a self-addressed envelope. Dkt. 1 at 2, 6. When he did not receive the documents, Mr. Johnson "requested proof in writing of their claim," sent them a "notice of intent with the opportunity to 'settle and cure'

---

[plaintiff] could not prevail on the facts alleged and that allowing [plaintiff] an opportunity to amend would be futile." *See Bainum v. Sedgwick Cty. Comm'rs*, 27 F. App'x 965, 970 n.1 (10th Cir. 2001) (citation omitted).

No. 25-cv-430

fault on November 12, 2024," sent them a "notice of default on December 3, 2024," and then sent them "demand[s] for payment" on December 23, 2024, January 29, 2025, and March 7, 2025. *Id.* at 6-7. Mr. Johnson does not, however, allege facts that indicate he has sought any form of administrative remedy to cure his alleged injury before filing this suit.

Mr. Johnson has also failed to state a claim for relief under 42 U.S.C. § 1983 based on Defendants' alleged violations of his constitutional rights. To state a claim under § 1983, Mr. Johnson must allege: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. Johnson has failed to allege how Defendants violated his Fourth, Ninth, and Tenth Amendments rights and what specific rights under those amendments were violated. He has also failed to "identify *specific* actions taken by *particular* defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2014) (emphasis in original) (citation omitted). Accordingly, Mr. Johnson fails to state any plausible Fourth, Ninth, or Tenth Amendment claims against the Defendants. His case is dismissed.

This case appears to be the refiling of a case recently dismissed by Judge Claire V. Eagan: *Williams v. United States Dept. of State*, No. 25-cv-0280-CVE-MTS, 2025 WL 1656656 (N.D. Okla. June 11, 2025). The Court cautions Mr. Johnson that filing restrictions may be placed on him if he continues to file frivolous pleadings. "'[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989)). Although courts must be cautious not to deny a litigant "meaningful access to the courts," courts may "impos[e] carefully tailored restrictions under the appropriate circumstances." *Cotner v.Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (citations omitted). In the previous case and this order, the Court dismissed Mr. Johnson's complaint for failure to state a

No. 25-cv-430

claim. Accordingly, the Court warns Mr. Johnson that the Court may place filing restrictions on him if the Court finds that he continues to file frivolous complaints.

IT IS THEREFORE ORDERED that Mr. Johnson's motion to proceed in forma pauperis [Dkt. 2] is granted.

IT IS FURTHER ORDERED that Mr. Johnson's complaint [Dkt. 1] is dismissed. A separate judgment is entered herewith.

IT IS FURTHER ORDERED that Mr. Johnson's motion for default in dishonor of presentment [Dkt. 5] is moot.

DATED this 29th day of August 2025.

JOHN D. RUSSELL
*United States District Judge*